## In re NOVARTIS WAGE AND HOUR LITIGATION

Catherine White, et al. v. Novartis Pharmaceuticals Corp., et al., C.D. California, C.A. No. 2:06-2764

Simona Lopes, et al. v. Novartis Corp., et al., S.D. New York, C.A. No. 1:06-2268

No. 1794.

Judicial Panel on Multidistrict Litigation.

Oct. 30, 2006.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending, respectively, in the Central District of California and the Southern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Novartis Pharmaceuticals Corp. (NPC), Novartis Corp., Novartis Finance Corp., and Novartis Services, Inc., for coordinated or consolidated pretrial proceedings of these actions in the Southern District of New York. Plaintiffs in both actions do not oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of

this litigation. The two actions before the Panel share allegations that the moving defendants violated federal and/or state labor laws, concerning overtime compensation in particular, with respect to overlapping groups of NPC sales representatives and that those sales representatives are not exempt from federal and/or state wage requirements. Plaintiffs in both actions seek similar relief, including compensatory damages. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

█ Given the agreement of all parties to transfer under Section 1407 to the Southern District of New York, this district stands out as an appropriate transferee forum for this litigation. The action pending in the Southern District of New York potentially encompasses a broader group of employees, because plaintiffs in that action seek certification as a collective action on behalf of NPC sales representatives nationwide. Also, all defendants have a presence in this district, and NPC has its headquarters in nearby New Jersey. Accordingly, relevant witnesses and documents will likely be found in or around this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Paul A. Crotty for coordinated or consolidated pretrial proceedings with the action pending in that district.